ST. LOUIS, S. F. & T. R. CO. v. TAYLOR.†

(Court of Civil Appeals of Texas. Feb. 11, 1911. Rehearing Denied Feb. 25, 1911.)

1. MASTER AND SERVANT (§ 90*)—INJURIES TO SERVANT—NEGLIGENCE—CARE REQUIRED IN GENERAL.

To authorize a recovery by a servant for personal injuries, it is not necessary that the very occurrence complained of could have been foreseen by ordinary care, but only that a reasonably prudent man, in view of the facts, would have anticipated some like injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 139; Dec. Dig. § 90.*]

2. TRIAL (§ 260*)—INSTRUCTIONS—REQUESTS—INSTRUCTIONS COVERED BY CHARGE GIVEN.

Where, in an action for injuries to a servant, the court submitted to the jury whether the master was negligent in inspecting the appliances causing the accident, and whether the defect therein was dangerous, and whether it was the proximate cause of the injury, a charge that, if the accident could not reasonably have been anticipated as a result of the defect, the verdict should be for the master, was properly refused, because covered by the instructions given, so far as correct.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651; Dec. Dig. § 260.*]

3. CONSTITUTIONAL LAW (§ 208*)—CLASS LEGISLATION.

A statute which embraces all of a specified class in a particular character of business is not class legislation, inhibited by the federal or state Constitutions.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 208.*]

4. CONSTITUTIONAL LAW (§ 208*) — CLASS LEGISLATION—ACT FOR PROTECTION OF EMPLOYÉS.

Acts 31st Leg. c. 10, providing that, in actions against railroads for injuries to employés, the fact that the employé was guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished in proportion to negligence of the employé, applies only to railroad employés, making a class of them; and it is not class legislation, within the state and federal Constitutions.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 654, 661; Dec. Dig. § 208.*]

5. DAMAGES (§ 95*) — PERSONAL INJURIES — MEASURE OF DAMAGES.

The jury in allowing damages for personal injuries may award such sum as will, as a present cash payment, fairly compensate for the time lost on account of the injuries, for the diminished capacity on account thereof, for physical pain and suffering sustained by reason of the injuries, or which it is reasonably probable will be suffered in the future on account thereof.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 222; Dec. Dig. § 95.*]

6. MASTER AND SERVANT (§ 205*)—ASSUMPTION OF RISK—INSPECTION OF APPLIANCES.

A servant may assume that the master has furnished reasonably safe appliances for him to use, and he need not inspect them before using them.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 547; Dec. Dig. § 205.*]

7. APPEAL AND ERROR (§ 1056*)—REVIEW—HARMLESS ERROR — EXCLUSION OF EVIDENCE.

The error, if any, in excluding testimony of a witness on cross-examination offered to show bias in favor of the successful party is harmless, where the successful party did not depend alone on the testimony of the witness, especially where the evidence, if admitted, would have rebutted any inference of bias.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4187; Dec. Dig. § 1056.*]

8. DAMAGES (§ 173*)—PERSONAL INJURIES—EVIDENCE—ADMISSIBILITY.

Where, in an action for injuries to a switchman, plaintiff testified that for 13 years he had been working in various kinds of construction works, for industrial plants, and the last two years in railroading, earning from $70 to $100 a month, and that while working for a telephone company he made less than $70 a month, the exclusion of evidence, as bearing on the question of damages, that railroad service paid better than ordinary jobs of a similar character, because of the dangers involved in railroad work, was not erroneous.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 490–492; Dec. Dig. § 173.*]

9. EVIDENCE (§ 364*) — DOCUMENTARY EVIDENCE — PERSONAL INJURIES — MORTALITY TABLES.

A mortality table used by insurance companies in this country as a basis for life expectancy is properly admitted, as bearing on the life expectancy of one suing for a personal injury.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1520; Dec. Dig. § 364.*]

Appeal from District Court, Grayson County; B. L. Jones, Judge.

Action by G. W. Taylor against the St. Louis, San Francisco & Texas Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Andrews, Ball & Streetman and Head, Dillard, Smith & Head, for appellant. Wolfe, Hare & Maxey, for appellee.

RAINEY, C. J. Appellee sued appellant to recover damages for personal injuries. Verdict and judgment for plaintiff for $8,500. Defendant appeals.

The petition alleged, in substance, that plaintiff was working for appellant as a switchman, and that he was injured by the defective condition of a car upon which he was working as such switchman; that there was a bolt projecting several inches from said car, which should have fitted up against the car; that, while descending from said car in the performance of his duties at night, his lantern caught on said bolt and caused him to fall between the moving cars; his hand was so injured that amputation between the elbow and wrist was necessary; also that appellant was negligent in making inspection, and in furnishing same in a defective condition. We conclude that the evidence supports all the material allegations of plaintiff's petition.

The refusal to give the following requested charge is assigned as error, viz.: "Even

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

though you find and believe from the evidence that defendant's car inspectors failed to discover said projecting bolt or rod, yet, if you believe that the accident to plaintiff could not reasonably be anticipated and foreseen as likely to be caused thereby, as a result of the condition of said rod or bolt, you will find for the defendant." Appellant contends "that the court cannot say, as a matter of law, that defendant ought reasonably to have foreseen that such protruding bolt would hang his lantern, and thereby cause the servant to fall, while descending the car by means of the handhold." The evidence shows that appellee was injured while descending from a car at night, by reason of his lantern catching on a projecting bolt and causing him to fall. It also shows that such projection was in close proximity to the ladder or handhold used for the purpose of descending and ascending the car, and that such protruding bolt at that place was dangerous. The court by its charge left it to the jury to say whether or not defendant was negligent in inspecting the car, as to whether or not the bolt projecting as it did was dangerous, and whether or not it was the proximate cause of plaintiff's injury. The charge was a clear presentation of the issues involved, and when considered as a whole sufficiently covered the requested charge. The requested charge was calculated to impress the jury that defendant ought reasonably to have foreseen that the accident would likely happen by a lantern being caught, as was done, in order to be liable for an injury. In that respect the charge is wrong. "It is true an accident that cannot be reasonably anticipated by either of the parties, and that occurs without fault of the person charged with it, is not actionable. * * * It is not the law that there should be no liability, if the very occurrence itself complained of could not have been foreseen by the use of ordinary care, but if no danger could be supposed to exist from the defects, under any circumstances, after the exercise of such care." Lumber Co. v. Denham, 85 Tex. 56, 19 S. W. 1012. "The test is whether a reasonably prudent man, in view of all the facts, would have anticipated, not necessarily the precise, actual injury, but some like injury." Railway Co. v. Bigham, 90 Tex. 223, 38 S. W. 162; Bering Mfg. Co. v. Peterson, 28 Tex. Civ. App. 194, 67 S. W. 133; Railway Co. v. Jackson (decided by this court January 9, 1911, not yet officially published) 133 S. W. 925. The court did not err in refusing said charge.

Error is assigned to that portion of the court's charge which reads: "In this connection you are further instructed that the statute of this state provides that, in actions against any common carrier or railroad to recover damages for personal injuries to an employé, the fact that the employé may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employé. So, if you find for the plaintiff under instructions given you, and if you believe from the evidence that plaintiff failed to make such observations and keep such lookout for his own safety, while attempting to descend from the car, as an ordinarily prudent person would have done under the same or similar circumstances, and that such failure, if you find he did so fail, directly and proximately helped or contributed to cause the injuries, if any he sustained, then you will find that he was guilty of contributory negligence, and if you so find, and if you find for plaintiff, the amount of damage you would otherwise allow him shall be diminished in proportion to the amount of negligence which from the evidence you may believe attributable to plaintiff. In this connection you are further instructed that, if you believe from the evidence that, while descending from the car in question, the plaintiff, in the manner in which you find from the evidence he did so, exercised such care for his own safety as an ordinarily prudent person would have done under the same or similar circumstances, then in such event the plaintiff would not be guilty of contributory negligence." The criticism of this charge is that it is unconstitutional and void, in that it exempts from responsibility of contributory negligence only such persons as are employés of common carriers by railroad, which classification is arbitrary and unreasonable and violates those provisions of the fourteenth amendment to the Constitution of the United States, which provides against a state depriving any person of property without due process of law; also contrary to the Constitution of this state for the foregoing reasons, and without regard to the nature of the employment, whether hazardous or safe, and attempts to govern and protect all such employés, whether clerks, train operators, or those engaged in any other kind of manual service, whether attended with hazard or not.

The court, in the foregoing charge, followed the act of the Legislature passed in 1909 (see Acts 31st Leg. p. 279). The act relates to railroad employés, and the question raised is: Is it such class legislation as is denounced by either the Constitution of the United States or of Texas? The act of the Legislature applies only to employés of railroads, and when an act embraces all of a specified class in a particular character of business, such act does not fall under the ban of class legislation inhibited by the Constitution. Campbell v. Cook, 86 Tex. 630, 26 S. W. 486, 40 Am. St. Rep. 878. This principle is recognized as applying to railroads by the United States Supreme Court, in the case of Railway v. Ellis, 165 U. S. 157, 17 Sup. Ct. 258, 41 L. Ed. 666, wherein it is

said: "That such corporations may be classified for some purposes is unquestioned. The business in which they are engaged is of a peculiar nature and the Legislature, in the exercise of its police powers, may justly require many things to be done by them in order to secure life and property." Legislation changing the common law of liability of railroad companies for acts of fellow servants in their employ has been held constitutional (Railway v. Turnipseed, 219 U. S. 35, 31 Sup. Ct. 136, 55 L. Ed. ——), and we can see no difference in principle' in such legislation and the act here under consideration. So we conclude the assignment is not well taken

Complaint is made of the following paragraph of the court's charge, to wit: "If you find for plaintiff, you will allow him such sum as you find and believe from the evidence will, as a present cash payment, reasonably and fairly compensate him for the time, if any, he has lost on account of his injuries, for his diminished capacity, if any, he has lost on account of his injuries, for his diminished capacity, if any, to labor and earn money in the future by reason of his injuries, for physical pain and mental suffering, if any, he has sustained by reason of his injuries, and for the mental suffering, if any, which you believe from the evidence it is reasonably probable he will suffer in the future on account of his said injuries." The criticism of this charge is that the "jury could believe it probable that he would suffer mental pain in future, and yet believe he would not suffer such pain, while the word 'reasonably' adds nothing to the certainty of the event." Our Supreme Court, in the case of Railway v. Harriett, 80 Tex. 73, 15 S. W. 556, approves the language used in the court's charge, and we therefore hold it was not erroneous.

Plaintiff had the right to assume that defendant had furnished reasonably safe cars for him to use, and the court did not err in telling the jury that plaintiff was not required to inspect the car before using it.

Complaint is made to the action of the court in excluding the testimony of plaintiff's witness, Lemon, which was objected to on the ground as irrelevant and immaterial. Lemon testified by deposition, and had previously testified that he and plaintiff belonged to the same union, viz., the Brotherhood of Railway Trainmen. The question and answer excluded was: "Q. Is it not a fact that the members of said order, or union, stand together and help each other whenever they can, and is it not a fact that it is one of the principles or ideas of said union, or order, that its members assist each other whatever way they can? Especially, is it not a fact that the members of said order, or union, assist each other in every way that they can, as against the railway companies? A. Yes, the members stand together when it is right to do so. That is true, when it is

right and just to do so. No, this is not true." It is urged that said testimony was offered to show bias on the part of witness in favor of plaintiff, and that it was error in the court to exclude it. We are of the opinion that the exclusion of the testimony, if error, was harmless and caused no injury to defendant, for plaintiff's right of recovery did not depend alone upon Lemon's testimony; and the testimony excluded, if admitted, would not have shown any bias in favor of plaintiff, but, on the other hand, would have had a tendency to rebut the inference of bias, if any, that might have been drawn from his testimony that he was a member of the Brotherhood of Railway Trainmen, especially as to the railroad company; for his answer, "No, this is not true," in response to the question if it was not a fact that members of the union assist each other in every way that they can as against the railway companies, positively denies such a state of feeling on his part.

After plaintiff had testified that while in the railway service he made from $70 to $100 per month, that while working for the telephone company he made $67.50, on cross-examination defendant asked him: "As a matter of fact, Mr. Taylor, railroad service pays better than the ordinary jobs of a similar character, does it not? A. Yes, sir; as a general thing. Q. Isn't it largely because of the dangers involved in railroad work?" To which question plaintiff's counsel objected on the ground that it was irrelevant, immaterial, and calling for an opinion and conclusion of the witness, which objections were sustained by the court and the witness not permitted to answer, to which defendant excepted. Plaintiff testified that for the last 13 years he had been working in various kinds of construction works for industrial plants, and the last two years in railroading. The bill of exception fails to show what would have been the answer of the witness to said questions. Reddin v. Smith, 65 Tex. 26. If the answers would have been in the affirmative, we are unable to perceive how it would have affected the question of amount of recovery. There was no error in not admitting the testimony.

The court admitted, over defendant's objection, as evidence, what purported to be the American Experience Mortality Table, computing life expectancy. Objection was made on the ground that said table was not shown to be authentic, and what it purports on its face to be. Witness Beldon testified: That he had lived and been engaged in the life and fire insurance business in Sherman for the past 25 years; that the insurance companies use as a basis of insurance written in this country the American Experience Table—mortality table. This table is estimated from their experience, based on a certain number of lives at a certain age, as to the expectation of the average time they

will live. That he had examined the policies of a number of insurance companies, and, so far as his knowledge extended, they all fixed their rate in writing insurance on basis of the life expectancy from the American Experience Table; that, so far as he knew, there was no exception to that basis in this country. The witness then, referring to the table he had in his hand, which he testified was the American Experience Table, said that it was a standard or experience table of all the insurance companies' experience combined; that the table the witness had was furnished him by the Travelers' Insurance Company; that from the table he had in his hand the life expectancy of a man 34 years of age is 32½ years. He further testified, in substance, that he had nothing to do with making up such table; that he knew nothing personally, of his own knowledge, how it was made up, nor how many men helped, nor when it was made; that he had never compared the figures in the purported mortality table with those of any other purported table or copy thereof, and did not know whether it was an exact copy of the American Experience Table or not. It being shown that this table was used by insurance companies in this country as a basis for life expectancy, we are of the opinion that the table was properly admitted. Railway v. Mangham, 95 Tex. 413, 67 S. W. 765; Railway v. Smith, 26 S. W. 644.

The jury after hearing all the evidence fixed plaintiff's damage at $8,500, and we do not feel called upon to disturb it as excessive.

The judgment is affirmed.