TONY NANFITO, ADMINISTRATOR, APPELLANT, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLEE.

FILED JUNE 23, 1919. No. 20501.

1. **Master and Servant:** FEDERAL EMPLOYERS' LIABILITY ACT: ACTION: PLEADING. In an action against the employer under the federal employers' liability act, some specific act of negligence on the part of the employer must be alleged and proved.

2. ———: ———: NEGLIGENCE. The fact that an engine was moving four or five miles an hour in the switching yards of a railroad company, is not in itself evidence of negligence.

3. **Evidence.** The testimony of witnesses, who were near the place of the accident at the time, that they did not hear the bell, without further explanation, is not sufficient to overcome positive evidence of reliable and competent witnesses that the bell was ringing.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Gaines & Van Orsdel,* for appellant.

*Bryon Clark, Jesse L. Root* and *J. W. Weingarten, contra.*

103 Neb.—37

SEDGWICK, J.

Cirino Dimauro, an employee of the defendant company, was struck by an engine of the company and killed in its yards in Gibson, Nebraska; and the administrator of his estate brings this action to recover damages under the federal employers' liability act. That act provides for liability "for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." 35 U. S. St. at Large, ch. 149, sec. 1, p. 65. It seems that the federal courts have so construed this act that there is no liability thereunder without proof of negligence of the defendant which was the proximate cause of the injury complained of. In *Missouri, K. & T. R. Co. v. Foreman,* 174 Fed. 377, the law is stated in the syllabus to be: "The fact of an accident in which a railroad employee is injured carries with it no presumption of negligence on the part of the company; but, in order to render it liable, some specific act of negligence must be affirmatively shown." And in the opinion it is said: "It was incumbent upon plaintiffs, before such recovery could be had, to both allege and prove, not only the cause which operated to produce the death, but, also, that such cause had its origin in some specific and particular negligent act of the defendant, for the result of which it was legally liable." The rule of evidence is, in that case, quoted from an opinion of the supreme court of the United States, in *Patton v. Texas & P. R. Co.,* 179 U. S. 658, by Justice Brewer: "The fact of accident carries with it no presumption of negligence on the part of the employer, and it is an affirmative fact for the injured employee to establish that the employer has been guilty of negligence. *Texas & Pacific Railway v. Barrett,* 166 U. S. 617. * * * It is not sufficient for the employee to show that the employer may have

been guilty of negligence; the evidence must point to the fact that he was. And where the testimony leaves the matter uncertain and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible and for some of which he is not, it is not for the jury to guess between these half a dozen causes and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion. If the employee is unable to adduce sufficient evidence to show negligence on the part of the employer, it is only one of the many cases in which the plaintiff fails in his testimony, and no mere sympathy for the unfortunate victim of an accident, justifies any departure from settled rules of proof resting upon all plaintiffs." *Seaboard A. L. R. Co. v. Horton,* 233 U. S. 492, 501, 502. The allegation in the petition is that the "company so carelessly and negligently operated, through its agents, the engine hereinbefore referred to and described, along the main line of its railroad at a careless and high rate of speed and without giving any signals, either by whistle or bell, to said Cirino Dimauro. That the said railroad company, with its engine, did on the date hereinbefore mentioned, at 9 a. m., run over and instantly kill the said Cirino Dimauro." There is no other allegation of negligence or misconduct of any kind on the part of the railroad company, or of any defect or insufficiency due to negligence of the defendant.

The court instructed the jury to find a verdict for the defendant, and the question presented is whether there is sufficient evidence that the engine was being run at a careless and high rate of speed, or without giving any signal by whistle or bell, from which the jury might find negligence on the part of the defendant. Our attention has not been called to any evidence of a higher rate of speed than from four to five miles an hour. There is direct evidence that the bell was automatically

ringing from the time that the engine "started to move."
One witness, who was working in the yards at the time,
was questioned by the plaintiff, and answered, as follows:
"Q. What were you doing? A. I was cleaning snow
off the switches. Q. On the main track or on a side
track? A. On the main line of the station. Q. Had
the engine come through the switch, or passed through
the switch, and was it on the main track when it passed
you? A. I was just raising myself up to take a little
rest, and I saw the engine coming, going towards Omaha
on the main line. Q. Did you hear this engine give any
signal of any kind prior to the time it passed the
station at Gibson, Nebraska? If so, what kind of signal
did it give? A. Didn't heard none signals. Q. Did
you hear it whistle? A. No, sir; nothing. Q. Did you
hear the bell ring? A. No, sir." Other witnesses testi-
fied in the same manner, but no witness testified direct-
ly that the bell was not ringing, or even that his atten-
tion was attracted to the matter and that he had no
recollection of hearing the bell. Such testimony does
not contradict the positive evidence that the bell was
ringing. *Kielbeck v. Chicago, B. & Q. R. Co.*, 70 Neb.
571; *Hoffard v. Illinois C. R. Co.*, 138 Ia. 543, 16 L. R.
A. n. s. 797.

As there was not sufficient evidence to justify the
finding of negligence on the part of the defendant which
was the proximate cause of the injury, the court was
right in instructing a verdict for the defendant.

The judgment of the district court is

AFFIRMED.