Merrimack, ⎱
Nov. 4, 1919. ⎰

ARTHUR J. WATKINS v. JAMES H. HUSTIS, *Receiver.*

In an action upon the federal employers' liability act, the plaintiff has the burden
of establishing the defendant's negligence and his own resulting injury; the
evidence must disclose a visible connection between the injury and the negli-
gence charged, as a reasonable and probable result therefrom.

A fireman, who claims that while standing upon the apron of an engine he was
thrown therefrom by the lateral motion of the apron when the engine passed
a curve, cannot recover in the absence of evidence that he was thrown as the
engine was entering upon or leaving a curve.

CASE, for negligence under the federal employers' liability act.
Trial by jury and verdict for the plaintiff.

The plaintiff, a fireman on a train running from Concord, New
Hampshire, to Worcester, Massachusetts, fell or was thrown from
the train at a point between Ayer and Harvard, Massachusetts, and
claims to recover for the injuries so received. The defendants'
motion made at the close of the evidence that a verdict be directed
for them was denied subject to exception. The evidence relevant
to the exception appears in the opinion. Transferred by *Sawyer,* J.,
from the October term, 1918, of the superior court.

*Robert W. Upton* and *Joseph C. Donovan* (*Mr. Upton* orally), for
the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Jonathan Piper*
orally), for the defendants.

PARSONS, C. J. The federal legislation under which this suit is
brought does not abrogate or qualify the common law rule that in all
actions for negligence the plaintiff has the burden of establishing
the defendants' negligence and his resulting injury. *Wilson* v.
*Railway,* 78 N. H. 142. Proof of negligence is not sufficient unless
the evidence discloses an open and visible connection between the
injury and the negligence charged as a reasonable and probable
result therefrom. The plaintiff must recover upon proof, not upon
conjecture or surmise. *Ingerson* v. *Railway, ante,* 154; *City Bowling
Alleys* v. *Berlin,* 78 N. H. 169; *Reynolds* v. *Company,* 73 N. H. 126;
*Dame* v. *Company,* 71 N. H. 407; *Gahagan* v. *Railroad,* 70 N. H. 441;
*Deschenes* v. *Railroad,* 69 N. H. 285. The proposition is too well

settled in this jurisdiction to permit further elucidation or discussion. Applying this rule to the proof presented, it is clear there was nothing for the jury and the case should not have been submitted to them.

The plaintiff, a fireman of nearly two years' experience, was employed to fire the engine of a special train from Concord to Worcester, December 20, 1917, and performed that service up to a point between Ayer and Harvard, on the line between Nashua and Worcester. Just before Harvard, the next station beyond Ayer, was reached the engineer noticed the plaintiff was not in the cab. The train was stopped and arrangement made with a train proceeding in the opposite direction to look for the missing fireman. He was found lying upon the right-hand side of the track inbound to Worcester, 1373 feet west of Davis crossing, so called. The snow was disturbed for a few feet where he had fallen. At this point the track was straight. Commencing at Davis crossing there was a one degree curve to the left which ended 255 feet from the crossing. No one saw the plaintiff leave the cab. His account is that shortly after leaving Ayer his attention was called to Camp Devens visible on the right-hand side of the road. He stepped beside the engineer and looked through the cab window. He then fired the engine and stepped back with both feet on the apron connecting the cab and tender when the next thing he knew he was in the air. He testified he did not fall but was thrown, but could not recall any shock or jolt prior thereto. Two months after the accident the engine was examined by a witness who discovered a possible lateral movement of one and three quarters inches in the apron of the engine which he testified must have existed for at least a year. The apron or lapboard is designed to furnish connection between the engine and tender, upon which trainmen may stand in performance of their work. In this case it consisted of an iron plate about seven feet long and twenty-one inches wide. It is attached to the cab by hinges which permit a vertical motion of the edge next the tender. To permit this motion some lateral play at the hinges is necessary. When new, about a half-inch lateral motion is usual, which increases with use. There was evidence of the defect claimed and that it could have been observed and repaired before the accident. Whether permitting such a condition to exist could be found to be negligence, a breach of duty to the defendants' employees, depends upon the fact whether this increase in the amount of play tends materially to increase the peril of the service. The plaintiff, an experienced fireman, rode from

Nashua to Ayer without observing any deficiency in the engine. The evidence was that it had been in the same condition for a year. There was no evidence that any fireman had been injured or discommoded by the lateral movement of the apron. There was no evidence that any engineman to the knowledge of the defendants or anyone engaged in railroad maintenance had ever been injured or discommoded by the possibility of such lateral movement in an apron. The plaintiff's expert, Callahan, testified that in taking or leaving a curve at thirty-five miles an hour the lurch of the engine combined with the swing of the engine might throw a man. The defendants' experts testified that the effect of the possibly more extensive lateral movement of the apron would be to diminish the effect of the lurch of the engine on a curve.

Whether as a practical proposition an increase of one and one-fourth inches in the total possible lateral movement of an engine apron increases the probability of injury therefrom is a matter for observation and experiment, of which there was no evidence. The question cannot be settled by speculation. But it is unnecessary to determine whether the proof is sufficient to authorize a finding the defendants were negligent. If it be assumed the condition of the apron is evidence of negligence, the plaintiff fails because there is no evidence that condition caused his injury. It is conceded that on a smooth straight track the increase in possible lateral movement does not render the apron unsafe. Most of the evidence relates to the effect upon a curve. But the plaintiff did not fall out on a curve. He was found over a thousand feet from the end of the slight curve commencing at Davis crossing, and on the wrong side of the track to be thrown by the inertia of his body when the engine left the curve for the straight track.

The plaintiff's argument that the apron might throw him on a curve and, as he was thrown, the accident must have happened on a curve, is mere argument in a circle. There are two unknown quantities, did the apron throw him, was he thrown on a curve? Until one is established by evidence, the other cannot be inferred.

As the evidence does not tend to prove the plaintiff left the cab as the engine was entering or leaving a curve, he cannot connect his injury with the defendants' negligence in furnishing him an engine unsafe to ride curves upon. The same is true as to the claim as to unevenness of the track. There was no evidence of such condition. There was at most a possibility. A mere possibility is not a cir-

cumstance in proof from which inferences may be drawn. A verdict should have been ordered for the defendants.

*Exception sustained: verdict and judgment for the defendants.*

All concurred.