**PAYNE, Director General of Railroads, v. BUCHER.**

(Circuit Court of Appeals, Third Circuit.   February 3, 1921.)

No. 2619.

1. **Master and servant** &wwww265(8)—**Falling of bucket moved by crane held not to create presumption of negligence.**

   In an action for the death of an employé, caused by the fall of a heavy bucket moved by a crane, the falling of the bucket carried with it neither proof nor presumption of negligence in the adjustment of the hooks holding the bucket, where there was evidence of contact between the bucket and a pile of trench rails, which might have released the strain on the hooks and permitted them to slip.

2. **Master and servant** &wwww278(1)—**Negligence must be established with certainty.**

   In an action under the Employers' Liability Act (Comp. St. §§ 8657–8665) for death, the employer's negligence is an affirmative fact to be established by plaintiff, and evidence that the employer may have been guilty of negligence is not sufficient.

3. **Master and servant** &wwww291(3)—**Instruction referring to things as almost touching, when evidence showed actual contact, held misleading.**

   In an action for the death of an employé, caused by the fall of a heavy bucket being moved by a crane, where the evidence showed contact with a pile of trench rails, which may have relieved the strain on the hooks and permitted them to slip off, the instructions should have called attention with particularity to this aspect of the case, and an instruction re-

---

&wwwwFor other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ferring to the fact that the bucket "almost touched" the pile may have misled the jury.

In Error to the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Suit by Minnie Bucher, administratrix of the estate of William Bucher, deceased, against John Barton Payne, Director General of Railroads. Judgment for plaintiff, and defendant brings error. Reversed, and new trial ordered.

Frederic B. Scott, of New York City, for plaintiff in error.

Edward J. McCrossin and Harry R. Cooper, both of New York City, for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This writ brings here for review a judgment recovered under the Federal Employers' Liability Act (Comp. St. §§ 8657–8665). The sole question, arising from the court's refusal of the defendant's motion for a directed verdict, is, whether there was any evidence of negligence on the part of the defendant to submit to the jury. Shortly stated, the plaintiff's case was as follows:

Bucher was an experienced employé of the Director General of Railroads. His grade was that of checker or boss of a small gang whose duties consisted in moving freight from place to place in the Terminal Yards of the Delaware, Lackawanna & Western Railroad Company at Hoboken, New Jersey. For the performance of his work the defendant had supplied him with appliances. These included tackle and a steam crane, whose crew was under his direction. On the day in question, Bucher was engaged in moving from one place to another iron buckets weighing two and one-half tons. He had at his disposal heavy metal hooks of two kinds: One, Vulcan hooks, curved in shape, each of which, when used in pairs, is attached to a separate cable suspended from block and fall hanging well above, and depend for their hold upon the object to which they are attached on the continuous upward strain of the connecting cables; the other, box hooks, each composed of two straight arms positioned at right angles one to the other. These hooks, being used in pairs, are not fastened to separate cables but are held together at the top by one cable passing through eyes in their upper arms, so that when placed together they form a rectangle, or box, as their name denotes, with the result that the greater the vertical strain from the cable the greater is the horizontal contraction of the hooks and the better their hold.

To do the work at hand Bucher selected Vulcan hooks against the caution of one of his men that hooks of that kind would not hold the buckets. Bucher, nevertheless, directed this employé to "hook them up" with these hooks. This the man did by placing their curving points under the bucket's flanges, which were but two and one-half inches wide. Four buckets thus hooked were safely moved. On raising the fifth and moving it toward the place at which it was to be put, it fell upon Bucher and killed him.

Bucher's administratrix brought this suit. The verdict in her favor

puts out of view any question of contributory negligence by Bucher in selecting hooks ill-adapted to the task he was performing, and resolves the case, as presented by this writ of error, to the question whether there was evidence of negligence on the part of the defendant which in some measure brought about the accident.

From the case made by the plaintiff, we have had trouble in finding just what duty the defendant owed the decedent which he violated. Turning to the plaintiff's complaint, we surmise that she too had the same difficulty, for in order certainly to cover the case by sufficient allegations she variously charged the defendant with negligence in placing her intestate at work with incompetent and inexperienced help; in setting him at a task with which he was not familiar and in failing to give him proper instructions; in supplying him with defective appliances, and with appliances not adapted to the work; in failing to warn him of the perils incident to the work and appliances; in permitting another employé, who was more experienced with such work and appliances, to absent himself at the time this work was being done; in failing to supply him with safe and adequate appliances with which to work and with a safe place in which to work; wherefore, "through the negligence and carelessness of the agents and servants of the defendant, other than the plaintiff's intestate, engaged in such work, one of such heavy metal buckets was caused to fall suddenly and without warning" and to strike and crush the plaintiff's intestate.

[1, 2] It is evident that the trial judge was unable to find any evidence upon which to predicate submission on any of these charges, save one. He gave the case to the jury, therefore, on the one issue of negligence, whether the defendant, through his servant who attached the hooks to the bucket, so carelessly adjusted them that they slipped off and brought about the accident resulting in Bucher's death. There was no evidence that this employé carelessly fixed the hooks upon the bucket, except as it was inferred from the fact that they slipped off, that is, except as it was inferred from the accident. The fact of accident carries with it neither proof nor presumption of negligence on the part of the employer. Negligence of the employer is an affirmative fact to be established by the one speaking for the deceased employé. Texas & Pacific Ry. Co. v. Barrett, 166 U. S. 617, 17 Sup. Ct. 707, 41 L. Ed. 1136. Evidence that the employer may have been guilty of negligence is not sufficient. In this connection the Supreme Court has said:

"The evidence must point to the fact that he was [guilty]. And where the testimony leaves the matter uncertain and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible and for some of which he is not, it is not for the jury to guess between these half a dozen causes and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion." Patton v. T. & P. Ry. Co., 179 U. S. 658, 663, 664, 21 Sup. Ct. 275, 277 (45 L. Ed. 361).

While the accident may have been due to the employé's carelessness in adjusting the hooks, it was equally attributable to another happening testified to for the defendant, which, if believed by the jury, would wholly change its character.

[3] It was this: After the curved Vulcan hooks had been placed on the bucket, Bucher directed the engineer of the steam crane, who was under his orders, to raise the bucket and move it about one hundred feet with the purpose of lowering it on a pile of trench rails to which the first four buckets had been safely moved. In response to his order, the engineer hoisted the bucket, turned the crane and moved the car bearing the crane toward the pile. As the boom, for some reason, would not carry the bucket to the place desired, Bucher with his hands, and one of his men with a stick, "pushed [the bucket] in far enough so they could land it on [the] pile," where, either on being lowered or at its then present elevation, "it touched the end of the trench tracks and fell off the hooks," killing Bucher. Manifestly, if contact of the bucket with the pile was such as to release the vertical cable strain on one of the hooks,—on which strain alone it depended for its hold,— that hook would slip off however carefully placed at the beginning, and the accident, inevitably following, would conceivably not be due to any fault of the defendant. We are constrained to think this aspect of the case, appearing in the testimony of two eye-witnesses, should have been called to the attention of the jury with more particularity, and we are inclined to believe that the only reference to the contact of the bucket with the pile of rails made by the learned trial judge in his charge—that in its shifting movement "the bottom of the bucket almost touched" the pile—may have led the jury away from the evidence that the bucket actually touched the pile, and from drawing their conclusion as to the consequences. This instruction, though in accord with the issue on which counsel seemingly joined argument, put the case, we fear, where the plaintiff had left it, that is, as though the bucket fell in transit, on which theory alone her charge of careless adjustment of the hooks was based, instead of placing the case where the defendant had carried it (without contradiction), namely; to the end of the transit at the point where the bucket fell on contact with the pile.

From the story of the accident as made by the plaintiff's witnesses, we find no evidence that it was due to the defendant's negligence. It is not a case where res ipsa loquitur. From the story of the accident as completed by the defendant's witnesses, showing another happening at another place, a jury might find, without disregarding any of the testimony introduced by the plaintiff, that the accident resulted, not from carelessness in placing the hooks, but from the contact of the bucket with the pile slacking one cable and releasing its hook, and therefore without fault on the part of the defendant.

For these reasons we are constrained to reverse the judgment and order a new trial.