CHICAGO. R. I. & G. RY. CO. v. HAMMOND.
(No. 2685.)

(Court of Civil Appeals of Texas. Amarillo.
May 26, 1926. Rehearing Denied June
23, 1926.)

1. Master and servant ⟨☞⟩265(9)—Burden of proving apparatus for coaling locomotive tender was defective held on injured employé (federal Employers' Liability Act [U. S. Comp. St. §§ 8657–8665]).

Under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), burden of proving that rod, chain, and handhold of coal spout used to fill locomotive tender with coal were not of proper length, and that railroad's negligence in furnishing such instrumentalities caused injury to railroad hostler, was on hostler.

2. Damages ⟨☞⟩221—Special issue as to damages recoverable by injured railroad employé held erroneous in not limiting recovery to present cash value of amount compensating him for his diminished future earning capacity (federal Employers' Liability Act [U. S. Comp. St. §§ 8657–8665]).

In action under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) for injury to railroad hostler, special issue asking jury what amount would fairly compensate plaintiff for loss of what he would otherwise earn in his occupation *held* erroneous in not stating that recovery should be limited to present cash value which would compensate him for his diminished capacity in future.

3. Trial ⟨☞⟩352(5)—Special issue, asking whether handhold of coal spout used to fill locomotive tender was hanging in spout because of way in which it was constructed, held erroneous in assuming that it did hang in spout, and error was not cured by subsequent question.

Special issue, asking jury whether handhold of coal spout used to fill locomotive tender was hanging in spout because of way in which it was constructed, *held* erroneous in assuming that handhold was hung in spout, and error was not cured by subsequent question whether it did hang in spout at time of accident.

4. Master and servant ⟨☞⟩285(5), 286(4).

Railroad's negligence respecting appliances used to fill locomotive tender with coal and proximate cause of injury *held* issues for jury.

On Motion for Rehearing.

5. Trial ⟨☞⟩140(2).

Where party's case is proved only by his own testimony, though it be uncontradicted and unimpeached there is issue of fact for jury.

Appeal from District Court, Dallam County; Reese Tatum, Judge.

Action by J. G. Hammond against the Chicago, Rock Island & Gulf Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Tatum & Strong, of Dalhart, and Stone & Guleke, of Amarillo, for appellant.

Bailey & Richards, of Dalhart, for appellee.

JACKSON, J. This suit was instituted by appellee, J. H. Hammond, in the district court of Dallam county, Tex., against the appellant, the Chicago, Rock Island & Gulf Railway Company, to recover damages for personal injuries which he alleges he received while employed by appellant as locomotive hostler helper at Dalhart, Tex. He pleads:

That, in connection with its business as a common carrier, the railway company operated and maintained at Dalhart, a roundhouse, switch tracks, repair tracks, and various other equipment, in connection with which it owned and operated a large coal house or chute of sufficient capacity to contain several hundred tons of coal, and constructed so an engine and tender could pass along the side of the chute and be stopped at the proper place for the tender to be loaded with coal. That attached to and a part of the chute is a metal trough or spout swung on chains or cords passing through pulleys with weights fastened to said chains or cords, which are intended and for the purpose of lifting the spout to a certain position and no higher. That in the end of the metal spout adjacent to the coal chute is a trapdoor or gate which, when opened, allows the coal to pass from the chute into the spout when lowered, and along the spout into the tender of the engine. That the trapdoor or gate in the spout is operated by a horizontal rod to which is fastened a perpendicular rod which is reached by a chain with a handhold therein attached to and suspending from the perpendicular rod.

In coaling the engine, the metal spout is pulled down so the lower end will reach and rest upon the tender of the engine, but the coal will not pass into the chute until the trapdoor or gate is opened. After the spout is lowered, the gate is opened by reaching and catching the handhold in the chain and pulling the perpendicular rod to where it can be reached and pulled down. That when the tender is filled, the perpendicular rod is released, which closes the trapdoor and closes the flow of the coal, after which the metal spout is pushed up into its original position.

That on June 16, 1924, the railway company ran its engine to the chute for the tender to be loaded with coal, and, in the discharge of his duties as hostler helper, appellee climbed upon the tender of the engine for the purpose of filling it with coal from the

chute. That he pulled the metal spout down, placing the end thereof on the tender, and coal began immediately coming out through the trapdoor or gate, and along the spout into the tender of the engine, without his having opened the trapdoor by catching the chain attached to the perpendicular rod and pulling the rod down in the way the apparatus was designed and intended to operate. That the handhold in the chain had become fastened in the mouth of the metal spout, and in lowering the spout the trapdoor was opened, which allowed the coal to pass along the spout into the tender. That, despite his efforts to do so, he was unable to get the chain loose or unfastened so he could release the perpendicular rod, close the trapdoor, and stop the flow of coal. That by reason thereof the tender was overflowed with coal. That coal struck his feet, slipped and rolled from under him, his foundation gave way and caused him to fall and suffer his injuries. That such fall was the direct and proximate result of the negligence of appellant, because the weights on the chains or cords controlling the raising and lowering of the metal spout were not properly adjusted nor properly regulated, and raised the spout so high that the handhold on the chain suspended from the perpendicular rod by which the trapdoor or gate was opened became fastened in the end of the metal spout, and when he pulled down the spout the trapdoor was opened, and, if the weights had been properly adjusted and regulated, the spout when last used would have returned to the proper height, and the chain would not have been hung or fastened therein, and would not have, when pulled down, opened the trapdoor through which the coal passed. He also alleges that the appellant was negligent in allowing the handhold and the chain and the perpendicular rod to be of such length as to reach and become hung in the spout, and to be so constructed that it would swing from one side of the spout to the other, and thus get in a position to become fastened, and that the unadjusted and unregulated condition of the weights and the length of the handhold chain and rod constituted defects in the loading apparatus, of which appellant had notice.

The appellee alleges his age at 39 years; that his health was good; that he had formerly undergone operations from which he had recovered; his earning capacity; sets out his injuries in detail; asserts the permanency thereof; and alleges the amount of his damages.

The appellant pleaded general denial, denied that the coal chute apparatus was in any way defective or out of order, alleged that the appliances complained of were in reasonably good condition, performed their functions properly immediately before and after the occasion in question, and pleaded that no better device could be used than it had provided, and that it was in universal use among railways for coaling tenders to engines; that appellee was fully acquainted with the character of the appliance, knew the gate might temporarily hang and fail to close, which was unavoidable, and assumed whatever risk there was incident to that situation; that appellee saw that the handhold on the rod was caught in the spout, and continued his efforts to unfasten it while the tender was filling with coal, and in continuing to work with the alleged defective appliance, with full knowledge of its condition, assumed all risk incident thereto; that the fall of appellee was not the proximate result of the failure of the gate to close, and was not such a result as appellant could reasonably have foreseen or expected to follow a failure of the gate to close immediately.

It is conceded that appellant was engaged in interstate commerce, and appellee's duties as employé were in connection with and in the furtherance thereof, and his suit is based upon the federal Employers' Liability Act.

The case was tried with a jury, and the court submitted sixteen special issues in his main charge, one of which was subdivided, he submitted fifteen special issues requested by the appellant, some of which were also subdivided, and the jury answered all of the issues against the appellant.

On the verdict of the jury, the court rendered judgment for the appellee for the sum of $12,500, from which judgment this appeal is prosecuted.

We deem it unnecessary to set out in detail the issues submitted, and the findings of the jury thereon, and shall confine our discussion to those issues on which error is predicated.

The assignment which we will first consider presents as error the action of the trial court in charging the jury that the burden was on appellant to establish the affirmative of special issue No. 6, which reads:

"Did the defendant exercise ordinary care, as that word is defined in the first paragraph of the court's charge, in furnishing the plaintiff the rod and handhold it did furnish with which to operate the coal gate?"

The court instructed that the burden of proof is on plaintiff to establish by a preponderance of the evidence the affirmative of special issues, naming them, and then continues: "The burden of proof is on the defendant to establish the affirmative of special issue No. 6."

Appellee in his pleadings, as one of the grounds on which he seeks to recover, alleges that appellant was guilty of negligence in allowing the handhold, chain, and rod to be so long as to reach the spout and get fastened therein. The appellant denied any defect of this character, asserted that these appliances

were in reasonably good condition, and that they were in universal use among railways for coaling engines. There is no contention that the appellant failed to exercise ordinary care in the selection of the apparatus, and it is uncontroverted that such apparatus was in universal use by railroad companies, and approved by them as the best devices for use in coaling engines.

[1] The burden of proof throughout the case was on appellee to show that the rod, chain, and handhold were not of the proper length, and that the negligence of the defendant in furnishing such instrumentalities was the cause of his injury, because, under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), the negligence of the employer is an affirmative fact to be established by a preponderance of the evidence. Texas & Pacific Ry. Co. v. Barrett, 166 U. S. 617, 17 S. Ct. 707, 41 L. Ed. 1136; Payne v. Bucher (C. C. A.) 270 F. 38; Nanfito v. C. B. & Q. R. Co., 103 Neb. 577, 173 N. W. 575; Watkins v. Hustis, 79 N. H. 285, 109 A. 713; Foley v. New York, O. & W. Ry. Co., 97 N. J. Law, 278, 116 A. 781; Mott v. Davis, 90 W. Va. 613, 111 S. E. 603.

In the case of Colorado & Southern Ry. Co. v. Rowe, 238 S. W. 908, by the Commission of Appeals, the trial court instructed the jury that the burden of proof was on the plaintiff to make out her case by a preponderance of the evidence, and that "the burden of proof upon each special issue submitted to you is upon the party having the affirmative of said special issue." In that case the court submitted to the jury this issue:

"Was the El Paso & Southwestern coal car, which was furnished to the crew in charge of the train at the time and place alleged in plaintiff's petition, in a reasonably safe condition for the said crew and Edgar Rowe to haul and handle in the manner and on the road over which they undertook to haul it? Answer 'Yes' or 'No.'"

Judge Hamilton, speaking for the Commission of Appeals, says:

"From the language of the charge above set out, 'the burden of proof upon each special issue submitted to you is upon the party having the affirmative of said special issue,' it is clear that the burden of proof as to this issue was placed upon the defendant. The burden of proof was upon the plaintiff to show that the car was not in a reasonably safe condition. Therefore the charge was erroneous."

See, also, St. Louis S. W. Ry. Co. v. Parks, 97 Tex. 131, 76 S. W. 740.

[2] Appellant challenges as erroneous the issue submitted by the court on the measure of damages, which reads:

"What amount would be a fair recompense for the loss of what plaintiff would otherwise have earned in his occupation as the proximate result of said injuries, if any, that he has been deprived of his capacity of earning by the wrongful acts of the defendant, if any?"

The appellant requested no special charge on the measure of damages, but filed objections thereto, which, in our opinion, were sufficient to direct the attention of the court to the error complained of. Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183.

In addition to the lack of perspicuity, the issue as submitted in no way advises the jury that the recovery should be limited to an amount, the present cash value of which would compensate him for his diminished capacity in the future. Southern Traction Co. v. Owens (Tex. Civ. App.) 198 S. W. 150; St. Louis, S. F. & T. R. Co. v. Taylor (Tex. Civ. App.) 134 S. W. 819; G., H. & S. A. Ry. Co. v. Paschall, 41 Tex. Civ. App. 357, 92 S. W. 446.

This rule is applied by the federal courts in determining the measure of damages recoverable by an employé under the federal Employers' Liability Act. Chesapeake & Ohio Ry. Co. v. Addie Kelly, 241 U. S. 485, 36 S. Ct. 630, 60 L. Ed. 1117, L. R. A. 1917F, 367; The Erie Lighter (D. C.) 250 F. 490. See, also, Sweat v. Hines, 107 Neb. 1, 184 N. W. 927; Sheean v. Hines, 107 Neb. 36, 184 N. W. 934; Strunks v. Payne, 184 N. C. 582, 114 S. E. 840; Director General of Railroads v. Chapman's Adm'x, 195 Ky. 364, 242 S. W. 365; Yarde v. Hines, 209 Mo. App. 547, 238 S. W. 151; Chesapeake & Ohio Ry. Co. v. Maggard's Adm'r, 193 Ky. 259, 235 S. W. 737.

[3] The appellant assails as erroneous special issue No. 2, submitted by the court, because he assumed as a fact that the handhold was hung in the spout. This issue reads: "Did the handhold hang in said spout by reason of being constructed in the way it was constructed?" In our opinion, this issue is subject to the criticism urged. The fact that the court in special issue No. 3, immediately following special issue No. 2, asked the jury whether or not the handhold did hang in the coal spout at the time appellee was operating it, would not cure this error. The court in special issue No. 2 having, in effect, assumed as a fact that the handhold did hang in the spout, may have influenced the jury to answer special issue No. 3, as to whether or not the handhold was hung in the spout, in the affirmative.

The other assignments presented by appellant attacking as erroneous the action of the court in certain other special issues and instructions given, and in the admission of certain testimony, will not be considered in detail, because, if error is presented, it will probably not occur on another trial.

[4] Appellant by numerous assignments attacks as error the action of the court in refusing its peremptory instruction, and submitting the case to the jury, and denying it a new trial, first, because the evidence is not sufficient to show negligence upon the part

of appellant with reference to the appliances relative to which negligence is alleged, and that such negligence was the proximate cause of appellee's injuries. Without discussing the testimony, it is our opinion that the evidence was sufficient to raise the issues of appellant's negligence and of the proximate cause of the injury, both of which were submitted to the jury and found in favor of appellee. St. Louis & S. F. Ry. Co. v. McClain, 80 Tex. 85, 15 S. W. 789; C., R. I. & G. Ry. Co. v. Vesera (Tex. Civ. App.) 237 S. W. 349; Ft. Worth & D. C. Ry. Co. v. Morrow (Tex. Civ. App.) 235 S. W. 664; St. Louis S. W. Ry. Co. of Texas v. Ewing (Tex. Com. App.) 222 S. W. 198; Alamo Dress Beef Co. v. Yeargan, 58 Tex. Civ. App. 92, 123 S. W. 721; G., C. & S. F. Ry. Co. v. Clement (Tex. Civ. App.) 220 S. W. 407.

No contention is made that the apparatus had ever been tested or inspected for defects, notwithstanding the testimony is uncontroverted that the handhold on the ·chain attached to the perpendicular rod which operated the trapdoor or gate at the entrance of the metal spout into the chute had gotten hung or fastened in the same way some weeks previous to the time appellee was injured, that appellant had been notified of the handhold hanging in the spout, of the operator's inability to unfasten it, and, as a result thereof, something like 30 or 32 tons of coal ran out and overflowed the tender of the engine.

The testimony discloses that the party who made the report notifying appellant of this occurrence took upon himself the blame therefor, admitting that it was caused by his negligence. The record is not conclusive that the negligence of the operator on the previous occasion when the coal spill occurred was the cause thereof, because the testimony is that the rod and chain were left swinging by the preceding operator, and the handhold got hung when the spout was pushed up. The testimony tends to show that the apparatus was defective or negligently operated in loading the engine next preceding the coaling of the one on which appellee was injured.

For the errors discussed, the judgment is reversed, and the cause remanded.

On Motion for Rehearing.

[5] In compliance with appellee's request in his motion for rehearing, we make these additional findings; the others requested are made in the original opinion, or are not authorized by the testimony: J. G. Hammond, the plaintiff, testified that the handhold was hung in the end of the coal chute at the time he went to operate it and at the time he pulled down the spout for the purpose of coaling the tender to the engine; that he was seen on the ground just after his fall by a number of witnesses, and no witness contradicted the testimony of the plaintiff, Hammond, in the statement that the handhold was so hung at the time he undertook to fill the tender to the engine.

"Where a party's case is proven only by his own testimony, it is an issue of fact for the jury, even though it be uncontradicted and unimpeached. Burleson v. Tinnin [Tex. Civ. App.] 100 S. W. 350; Atchison, T. & S. F. Ry. Co. v. Lucas [Tex. Civ. App.] 148 S. W. 1149; Turner v. Grobe, 24 Tex. Civ. App. 554, 59 S. W. 583." Peerless Fire Insurance Co. v. Barcus (Tex. Civ. App.) 227 S. W. 368.

See, also, Moore v. Moore (Tex. Civ. App.) 259 S. W. 322, and cases cited.

The motions for rehearing of both appellee and appellant are overruled.