GALVESTON, HARRISBURG AND SAN ANTONIO RAILWAY COMPANY v. JOHN S. PASCHALL.

Decided January 15, 1906.

**1.—Verdict—Conflicting Testimony.**

Where the testimony is conflicting, the verdict will not be disturbed unless, in the opinion of the Appellate Court, it is against the great preponderance of the evidence.

**2.—Duration of Life—Evidence.**

It is settled law in this State that the jury may determine the probable duration of life from evidence as to the party's age and physical condition without the aid of mortuary tables or other evidence.

**3.—Statement of Issues in Charge.**

Even though the court in the statement of the case omits one of the issues made by the pleadings, it is immaterial if the issue is in fact submitted to the jury by the charge, and especially when no instruction is requested supplying the omission.

**4.—Charge—Future Suffering.**

The court charged the jury to take into consideration "such mental and physical suffering as plaintiff would probably suffer in the future." The correct rule is that the injured party may recover for such suffering as is reasonably probable to occur; or such as the injured party will "reasonably and probably undergo." Held, the language of the charge was sufficiently accurate, and could not have mislead the jury.

**5.—Diminished Earning Capacity.**

The court charged the jury that plaintiff was entitled to recover the "reasonable present value of diminished earning power in the future." This was the correct measure of damage.

**6.—Proximate Cause—Definition.**

The court charged the jury that proximate cause is that cause "without which the accident would not have happened." Held, abstractly incorrect. To make an act the proximate cause of an injury "it must appear that the injury was the natural and probable consequence of the negligent act, and that it ought to have been foreseen in the light of the attending circumstances."

**7.—Bill of Exception.**

A bill of exception to the admission of testimony should make it satis-factorily appear that the testimony was improper when taken in connection with the entire testimony of the witness.

**8.—Interrogation of Juror.**

After the jury had been empaneled counsel for plaintiff learned that one of the jury had expressed an opinion adverse to the right of plaintiff to recover. Counsel for defendant refused to excuse said juror. Counsel for plaintiff then questioned said juror concerning the matter, in the presence of the entire jury. Held, not error.

Appeal from the District Court of Fort Bend County. Tried below before Hon. Wells Thompson.

*Baker Botts, Parker & Garwood* and *D. R. Pearson,* for appellant.— In ascertaining the loss of a diminished earning capacity, it is neces-sary for the jury to determine how long such condition of the earning capacity will continue, and therefore there is a necessity that proof should be made before the jury how long the diminished earning ca-pacity will continue before they can determine the extent of the injury. In this case, the jury, having been furnished no such guide, could not legally determine this, and their verdict allowing such damages can not stand. Vicksburg, etc., Ry. Co. v. Putnam, 118 U. S., 557; Gulf, C. & S. F. Ry. Co. v. Mangham, 67 S. W. Rep., 765; Galveston, H. & S. A. Ry. Co. v. Cooper, 20 S. W. Rep., 990.

The charge given is wrong, because the court does not properly there-in define the issues in the case, as the charge ignores the defense of as-sumed risk pleaded by defendant. Wegner v. Biering, 11 S. W. Rep., 155; Texas, etc., Ry. Co. v. Mortenson, 66 S. W. Rep., 99.

Only future damages that are reasonably certain to occur may be re-covered; therefore it was error for the court to include as an element of damage such future mental anguish and physical pain as Paschall would probably suffer. International Ry. v. Clark, 72 S. W. Rep., 584; 3 Sutherland on Damages, p. 722.

Only such mental anxiety as naturally and directly results from the injury complained of can be considered by the jury, hence the said charge is error, as it permits recovery for mental anguish, present and future, which results from the injuries complained of. Missouri Ry. v. Warren, 39 S. W. Rep., 653; Planters, etc., v. Mansell, 43 S. W. Rep., 913; Texas Mex. Ry. Co. v. Douglass, 7 S. W. Rep., 78, 40 S. W. Rep., 508; 3 Sutherland on Damages, p. 711, sec. 1241.

Said charge is erroneous, because it submits as an element of damage, to be considered by the jury, "the reasonable present value of dimin-ished earning power in the future," which is not an element to be con-sidered. International Ry. Co. v. Clark, 72 S. W. Rep., 584; Galves-ton Ry. Co. v. Johnson, 58 S. W. Rep., 622.

Under the facts of this case, it was error to charge that the jury should find for the plaintiff if they believed that the injuries complained of by plaintiff would not have happened but for the alleged negligence on the part of defendant, because the defendant would be liable only for the proximate result of its negligent acts; that is, for such result as was the natural and probable consequence of the negligence, and such as it ought to have anticipated would happen in the light of the attending circumstances. Texas & Pac. Ry. Co. v. Bigham, 38 S. W. Rep., 164; Galveston Ry. Co. v. Kief, 60 S. W. Rep., 544.

The court erred in permitting Dr. W. B. Russ to testify, over objection of defendant, in behalf of the plaintiff, as follows: "Hank Cherry was an engineer in the employ of the defendant, and received a fall from his engine, striking his back. I treated him part of the time, and it is correct that the injury he received was in his back. The fact is, I did not think him recovered from the injury, but he went back to work; he asked my permission to do so, and asked how he was, but told him he was not well, and knew he was not, but said he would make a trial trip, and he came back and laid off again at my suggestion; but he never made a settlement with the company, and was not advised to make a settlement. Cherry did make such trial trip, but never advised him to make it. When Cherry came back from said trial trip he took his bed, and is paralyzed now," because said testimony was immaterial, irrelevant, and calculated to prejudice the jury against the defendant. Galveston, Ry. Co. v. Smith, 24 S. W. Rep., 670; Missouri Ry. v. Sherman, 53 S. W. Rep., 386.

*Ewing & Ring,* for appellee.—It is thoroughly settled that, while the mortuary tables are competent as evidence of probable duration of life, it is entirely sufficient to leave it to the jury to infer the probable duration of life from the age and health of the plaintiff. Gulf, C. & S. F. Ry. v. Compton, 75 Texas, 667; reaffirmed in Railway v. Lacy, 86 Texas, 246; Tiffany's Death by Wrongful Act, sec. 174, and cases cited.

The failure of the court, in stating the issues made by the pleadings, to mention the issue of assumed risk, was not reversible error, (1) because assumed risk, though apparently covered by the special charges, was not an issue applicable to the facts, and (2) because error in omitting an issue, in stating the issues, can arise only on refusal of a special charge to cure the defect.

That it is never error to refuse a charge on an issue inapplicable to the facts, see Cleveland v. Heidenheimer (Texas Sup.), 46 S. W. Rep., 30; Citizens' Ry. Co. v. Holmes (Texas Civ. App.), 46 S. W. Rep., 116; St. Louis & S. W. Ry. Co. v. Freedman (Texas Civ. App.), 46 S. W. Rep., 101; Hardy v. De Leon, 5 Texas, 238.

That, if the issue were really in the case, error in the omission complained of could only be predicated on refusal of a special charge, see Milmo v. Adams, 79 Texas, 526, reaffirmed in Galveston, H. & S. A. Ry. v. Lynch, 22 Texas Civ. App., 337, 338.

That it would have been error to limit damages for future ill effects to such only as were "reasonably certain" to ensue, see Gulf, C. & S. F. Ry. v. Harriett, 80 Texas, 74, 82, 83; Mexican Cent. Ry. v. Mitten, 13 Texas Civ. App., 653, error refused.

That mental anguish, present and future, is a proper element of damage, see 8 Am. & Eng. Ency. of Law, pp. 658-660, and cases cited.

That diminished earning power in the future, as submitted, is a well-recognized element of damage, see 8 Am. & Eng. Ency. of Law, p. 651, and cases cited; Fort Worth, etc., Ry. v. Morrison, 93 Texas, 527.

That error of omission can be taken advantage of only on refusal of a special charge to cure the defect, see Gulf, W. T. & P. Ry. v. Staton (Texas Civ. App.), 49 S. W. Rep., 277; San Antonio & A. P. Ry. Co. v. Long (Texas Civ. App.), 48 S. W. Rep., 599, error refused; Texas & N. O. Ry. Co. v. Bingle (Texas Civ. App.), 41 S. W. Rep., 90, error refused; San Antonio & A. P. Ry. Co. v. Safford (Texas Civ. App.), 48 S. W. Rep., 1105; Schwartman v. Cabel (Texas Civ. App.), 49 S. W. Rep., 113; O'Brien v. Seale (Texas Civ. App.), 41 S. W. Rep., 150; Texas & Pac. Ry. Co. v. Gay, 86 Texas, 609; Gallagher v. Bowie, 66 Texas, 265.

That the testimony of Dr. Russ was competent on the cross-examination to test both the skill of the witness, and his veracity or credibility, see Gillette's Indirect and Collateral Ev., sec. 61; Reynold's Stephen on Evidence (3d ed.), art. 129, p. 180.

That a bill of exceptions shows no reversible error, if it leaves open any reasonable hypothesis consistent with the absence either of error or probable injury, see San Antonio & A. P. Ry. Co. v. Lester (Texas Civ. App.), 11 Texas Ct. Rep., 817, and cases cited.

That "incompetent and irrelevant testimony is not ground for reversal unless it appears that injury resulted from its admission," see Gulf, C. & S. F. Ry. v. Hume Bros., 87 Texas, 212, 220.

REESE, Associate Justice.—Appellee, John S. Paschall, sued the Galveston, Harrisburg & San Antonio Railway Company to recover damages for personal injuries alleged to have been sustained by him, occasioned by his fall from the top of a car at Rosenberg, which fall is alleged to have been caused by the negligent act of the engineer of the locomotive to which the car was attached. It is alleged that Paschall was a brakeman in the employ of said company, and was, at the time of the accident, on the top of a box car in the discharge of his duties as such brakeman, and that while so engaged the car on which he was riding was suddenly stopped, and brought to a standstill, by the engineer in charge of the locomotive, without warning to plaintiff, and in a manner wholly unusual and unnecessary, whereby plaintiff was caused to lose his balance, and was thrown with great violence to the ground and injured; that the act of the engineer was negligence, which negligence was the proximate cause of the accident and consequent injuries. Plaintiff's injuries are specifically set out, and damages are claimed in the sum of $30,000.

Defendant answered by general demurrer and special exceptions, general denial, and special pleas of contributory negligence and assumed risk.

There was a verdict and judgment in favor of plaintiff awarding him $4,000 damages. Motion for new trial having been overruled, defendant appeals.

The accident occurred at Rosenberg, on the line of appellant's rail-

way, and at the time appellee was a brakeman on one of appellant's freight trains. The train crew was composed of Gibson, engineer in charge of the locomotive; Breeding, fireman, and appellee, Walls and Walford, train brakemen. At Rosenberg station appellant's tracks run east and west, the depot being on the south side of the main track. The track next the depot is called the house track, next to which is the transfer track, the tracks being about six feet apart. This makes the distance from the top of a car standing on one track about three and a half feet from the top of a car on the other. The engine was engaged in switching cars at the time, and some cars had been switched onto the transfer track. Appellee was on top of these cars, which had stopped opposite some cars on the house track. The engine then, with two cars, went in on the house track, and backed down and coupled onto the four cars standing on that track, and while moving slowly backward appellee stepped from the top of the car on the transfer track to the top of one of the cars on the house track. The manner in which the accident occurred, as claimed by appellant, is shown by the following from his testimony:

"I was on top of the last box car on the transfer track, and the engine came down on the house track, with two cars, to shove the cars on that track to where they belonged. The engine struck said cars and they were shoved back, and as they were going along I stepped over on top of the last of these four cars. I was on top of said car, and as I got on the running-board of said car, or about the center of said car, standing on the end of same, the cars were suddenly stopped from a motion or jerk, and my feet were jerked out from under me, and I was precipitated over the end of the car. I did not know that the engineer was going to stop, nor did I anticipate anything of the kind, because they were already backing said cars down, for I had given the engineer the signal to back, and they were moving slowly, when they were suddenly stopped with a jerk more violent than ordinary. The distance to the ground was about fifteen feet. . . . The reason I stepped over on the top of said car was to stop said car at the right place, which was by the platform, so as to leave an opening for the wagons."

This statement is substantially corroborated in its material particulars by J. W. Wickler, and is in sharp conflict with the testimony of the engineer, Gibson, and others of the train crew.

Appellant's first assignment of error presents the proposition, as stated, "that the evidence shows that the motion of the train, occurring just as Paschall fell, was but a motion that was necessary to the proper movement of the train, and a motion, or cessation of motion, usually and commonly incident to the proper handling of the engine and cars under the existing circumstances, and the verdict and judgment are not supported by the evidence."

This assignment presents the question of the negligence of the engineer, as a cause of the accident, under any view of the evidence. This question was submitted to the jury under proper instructions, one condition of appellee's recovery being that the jury should "believe that the engineer in charge of the locomotive suddenly and unnecessarily brought such cars to a standstill." The deduction by the jury from the evidence that the stopping of the car was unusual, and not necessary to

the handling of the train, is supported by evidence in the record. The evidence is conflicting on this point, and the jury accepted the testimony of appellee and his witnesses.

It is contended by appellant, in its second and third assignments of error, that the evidence does not support the verdict as to the extent of appellee's injuries proximately caused by the fall and the amount of damages awarded. Upon these points also the evidence is conflicting. If the testimony of appellee's witnesses, the physicians, Hillen, Lunn, Lister and Rabb, irrespective of that of his wife, Mrs. Paschall, as to the character and extent of appellee's injuries, be true, the amount of damages awarded him by the verdict can not be held to be excessive. Appellee was fifty-four years of age at the time of the accident, in good health, and earning $75 a month. The testimony of the witnesses above mentioned was to the effect that his injuries were serious, and probably permanent. This was denied by appellant's witnesses. It was an issue to be determined by the jury, subject to the correction of this court only in case we should determine that their finding was against the great preponderance of the evidence. The record certainly does not present such a case.

By the fourth assignment of error appellant presents the proposition that the court erred in submitting to the jury, as an element of damage, the value of the diminished earning capacity of appellee, for the reason that there is no proof nor pleading as to the probable duration of his life.

Appellant contends that there was no evidence from which the jury could determine the probable duration of appellee's life. It has been frequently held that such evidence is admissible as an aid to the jury in the way of mortuary tables of recognized authority, but it has never been held, so far as we can find, that it was necessary to enable the jury to determine the fact of the probable duration of life. None of the cases cited by appellant tend to sustain this assignment. It is settled law, at least in this State, that the jury may determine the probable duration of life from evidence as to the party's age and physical condition. (Gulf, C. & S. F. Ry. v. Compton, 75 Texas, 674.)

In the statement by the court in its charge as to the issues made by the pleadings, the court omitted to state the issue of assumed risk as having been pleaded by appellant. This is assigned as error, but in its brief appellant admits that the court did give charges submitting this issue to the jury. This was sufficient, especially in the absence of request for instructions, to supply the alleged omission in the charge referred to.

It is contended by appellant that the appellee was only entitled to recover (if so entitled at all) for such mental and physical suffering in the future as would be reasonably certain to occur as the proximate result of his injuries, and it is assigned as error that the court instructed the jury to take into consideration such mental and physical suffering as he would probably suffer in the future.

It is not the law that in his recovery appellee should be limited to such damages for mental and·physical suffering as would be reasonably certain to occur. The rule is that such suffering as is reasonably probable to occur may be considered as an element of damage, or, as stated

in International & G. N. Ry v. Clark (72 S. W. Rep., 584), such as the injured party will "reasonably and probably undergo." We think the language of the court, in directing the jury to take into consideration such mental and physical suffering as appellee would probably suffer, was a sufficiently accurate expression of the law on the subject. The distinctive difference between "probably" and "reasonably probable" or "reasonably and probably" does not seem to us to be material, and would hardly be regarded by an ordinary jury. (Gulf, C. & S. F. Ry. v. Harriett, 80 Texas, 82.)

This part of the court's charge is further complained of in the second and third propositions, under the sixth assignment of error, on the ground that the court instructs the jury to take into consideration such mental and physical suffering as was found by the evidence to "result" from the injuries complained of, instead of limiting them to those that "naturally and directly" resulted from such injuries. There can be no question that whatever mental and physical suffering there was, to be considered by the jury, resulted naturally and directly from the injury complained of. If appellant desired a more specific instruction on this point, a special charge should have been requested.

The instruction to consider the "reasonable present value of diminished earning power in the future" was correct. Clearly, it would not have been proper to allow appellee now, in a lump sum, the difference between what the jury should conclude he would have been able to earn in the future, but for the injury complained of, and such sum as he will be able to earn in his present condition. He was entitled only to the present value of such difference, which is the measure of damages stated in the charge.

The court in its general charge, after instructing the jury properly as to other conditions upon which appellee would be entitled to recover, added, "and that, but for such negligence on his part (referring to the engineer), if he was negligent, the injuries complained of by plaintiff would not have happened." Appellant complains of the part of the charge quoted, in that the definition of proximate cause, as embodied in the charge, as that cause "without which the accident would not have happened," is incorrect.

Considered as an abstract proposition, the criticism of the charge is just. Proximate cause is that cause without which the accident would not have happened, but it is something more than this. Such definition standing alone would do equally well for a definition of remote cause. In Texas & Pacific Ry. Co. v. Bigham (90 Texas, 225) it is said: "It is usually laid down, in cases of negligence, that, in order to constitute the proximate cause of an injury, the injury must be the natural and probable result of the negligent act or omission." In Jones v. George (61 Texas, 352) the court says, quoting from Milwaukee, etc., Co. v. Kellogg (94 U. S., 475): "It is generally held that, in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." It is true that negligence, in the particular case, on the part of the engineer, with reference to the consequent in-

jury, presupposes and includes the idea that the injury is the natural and probable consequence of the particular act, and such as ought to have been anticipated as likely to occur, for without this the particular act would not have been negligence, but the course of reasoning by which this result is reached is too abstruse to be devolved upon a jury. Logically, the jury could not have found that the engineer was negligent in stopping the car on which appellee was standing without finding that appellee's fall and consequent injury was the direct result thereof, and one which ought to have been foreseen by the engineer as likely to occur. An act can not be negligent, in a legal sense, unless injurious consequences might be reasonably anticipated as likely to result as the natural and probable consequence thereof. Notwithstanding this, we think the court, in its charge, should have given the jury proper instruction as to the causal relation between the negligent act and the injury complained of necessary to entitle appellee to recover.

If, however, the appellant was not satisfied with the insufficient definition of proximate cause in the charge here complained of, a special charge should have been requested. In the absence of such special request we do not think the error indicated sufficient cause for reversal. (Texas & Pac. Ry. v. O'Donnell, 12 Texas Ct. Rep., 855; San Antonio & A. P. Ry. v. Long, 48 S. W. Rep., 599.) The error was rather one of omission in failing fully to define proximate cause. (Texas & Pac. Ry. v. O'Donnell, 58 Texas, 42.)

It may further be said that the error was harmless. If the jury found that the engineer stopped the car suddenly, and in an unusual manner, and in a manner not necessary to the proper operation of the train, and that his act in so doing was negligence, as properly defined by the court, the conclusion is irresistible, from all of the evidence, that the fall of appellee from the car, and his consequent injuries, were the proximate consequences of such negligent act. There was no question of any other independent or concurring cause operating to produce the accident. Nor can there be any question, if the testimony upon which alone the jury could have based their verdict be true, that the fall of appellee from the top of the car was the direct and immediate result of the sudden stopping of the car, as testified to by him, and a result which should have been anticipated. The jury could not have been misled, to appellant's injury, by the error complained of.

The eighth assignment of error, that the verdict is not sustained by the evidence, in that it does not appear that the injury complained of is the proximate result of the negligent act of the engineer, is without merit.

The bill of exceptions taken by appellant to the ruling of the court in allowing the witness W. B. Russ to give certain testimony as to the injuries of one Hank Cherry, does not set out the questions in response to which the witness testified, although it is stated in the bill of exceptions, in substance, that the questions objected to elicited the replies of the witness embodied in the bill of exceptions. It appears that this witness testified for appellant, and the objectionable testimony was brought out on cross-examination. The testimony, disconnected from other testimony of this witness, appears to be immaterial and irrelevant, but, as the witness was testifying as an expert physician for appellant,

there may have been some legitimate connection between his statements with regard to Hank Cherry and his own connection with that case, and his testimony in this case, that rendered the questions of appellee proper. The matter is not satisfactorily presented, nor is it attempted to be shown by appellant, in its brief, in what way the testimony could have operated to the prejudice of appellant. It appears to us that it could not have so operated. We do not think the ruling of the court reversible error.

There was no error in permitting counsel for appellee, under the circumstances detailed in the bill of exceptions, to ask the juror Nash, after he had been empaneled as a juror, and in the presence of the other jurors, whether he had expressed an opinion, as counsel had been informed, adverse to the right of appellee to recover. After counsel had been informed as to such expression of opinion by the juror, of which he was ignorant at the time the jury was empaneled, he asked counsel for appellant to consent that the juror be excused, which was refused. No other course was open to counsel for appellee except to ascertain the truth of the matter by further interrogation of the juror in the presence of the other jurors, as was done. The juror having answered satisfactorily, the trial proceeded. We can not see that either this juror, or any of the others, could have been any more influenced by such questions propounded after the jury was empaneled than by similar questions and answers while the jury was being empaneled. The assignment making this objection must be overruled.

We find no reversible error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.