## GULF STATES UTILITIES CO. v. MOORE.
### No. 2199.

Court of Civil Appeals of Texas. Beaumont.
March 4, 1932.

Orgain, Carroll & Bell, of Beaumont, for appellant.

Conley, Renfro & Keen, of Beaumont, for appellee.

O'QUINN, J.

Edith Moore, the surviving wife of Henry T. Moore, sued the Gulf States Utilities Company in the district court of Jefferson county. She alleged that on May 22, 1930, her husband, the deceased, was an employee of appellant, and while in the course of his employment was electrocuted near the town of Liberty in Liberty county, Tex.; that deceased had been in the employment of appellant for some 5 months, receiving the sum of $7.50 per day wages; that appellant was a private corporation having in its employ more than five employees, and was eligible to become a subscriber under the Workmen's Compensation Act of Texas, but had failed and refused to so become, and was not a subscriber to same. She fully and particularly alleged the facts relative to the work being done by deceased and his fellow workmen, its nature, method, and manner, together with the nature and manner of the occurrence resulting in the death of deceased. She further alleged that the death of her husband resulted from the negligence of his said employer, fully and particularly setting out the various acts and omissions charged as negligence, and that same proximately caused the death of deceased.

Appellant answered by general demurrer, general denial, and specially that the injuries and death of deceased were caused solely by the acts, wrongs, omissions, and negligence of deceased.

When the evidence closed, appellant moved the court for an instructed verdict in its favor, which was refused. The case was then tried to a jury upon special issues, which they answered in favor of appellee, and upon which answers judgment was entered for appellee in the sum of $33,750 damages for the death of deceased, and $611 for necessary burial expenses. Motion for a new trial was overruled, and the case is before us on appeal.

The court in his charge defined "proximate cause" as "that cause, which in natural and continuous sequence unbroken by any new, independent cause produces that event and without which that event would not have occurred, and the risk of which could or should have been reasonably anticipated or foreseen by the use of ordinary care in the

light of the attending circumstances." Appellant duly excepted to this definition of proximate cause, which exception the court overruled, and same is assigned as error. The insistence is that the inclusion of the word "risk" rendered the definition vague and indefinite, and, the question of proximate cause being one of fact, the charge was calculated to mislead the jury, not giving them a proper basis to go by, and caused them to render an improper verdict. While the use of the word "risk" in the definition may not have been a happy one, still we do not believe it rendered the charge subject to the criticism that it rendered the definition indefinite or misleading to the extent that it would or might cause the jury to render an improper verdict. The assignment is overruled. Assignments against charges defining "proximate cause" are constantly being presented to us for reversal of judgments because of varying phraseology claimed to be inaccurate, and sometimes have to be sustained. We here call attention to what we think to be a complete and correct definition of said term by Chief Justice Hightower in Linn Motor Co. v. Wilson (Tex. Civ. App.) 14 S.W. (2d) 867.

Appellant, by several assignments, challenges the finding of the jury, and consequent judgment of the court, in favor of appellee for damages in the sum of $33,750 for the death of her husband, as being excessive and without sufficient support in the evidence. The evidence showed deceased to be a sound able-bodied workman 29 years old, and with a life expectancy of 36.03 years. He was working in the capacity of lineman, and was getting $7.50 per day at the time of his death. He had been working for appellant about 5 months before his injury and death. There was no showing as to what kind of work he had done before beginning work for appellant, nor what wages he had received, nor the amount he had earned in any given period, nor how long he had previously worked, if at all, in the kind of work he was doing when injured. There was no evidence as to the age of his wife, appellee, nor as to her physical condition, nor as to her life expectancy, nor her status in society, nor the amount of contributions theretofore made to her by deceased, nor what amount appellee could have reasonably expected to have in the future received from deceased, had he lived. It is contended that in this state of the record the judgment is excessive and without adequate support in the evidence. We think the assignment must be sustained. The measure of damages sustained by appellee is that sum of money which presently paid would compensate her for the actual pecuniary loss by her suffered. And, while such damages may not be susceptible of exact ascertainment, still, as said by Judge Gaines in San Antonio & A. P. Rail-

way Co. v. Long, 87 Tex. 148, 27 S. W. 113, 118, 24 L. R. A. 637, 47 Am. St. Rep. 87: "While the damages in actions of this nature are necessarily indeterminate, and while much must be left, in almost every case of the kind, to the sound sense of the jury, it does not follow that the plaintiffs need not prove with a reasonable degree of certainty the data from which their compensation is to be assessed, when it is practicable to do so. Where the beneficiaries are adults, and the loss of prospective benefits is based upon assistance in the way of money, or other things of value, received in the lifetime of the deceased, it is certainly within the power of each beneficiary to show by his own testimony, with some degree of accuracy, the amount of the benefits so received; and it would seem that his failure to testify specifically to the facts ought to be deemed a circumstance against him, sufficient to justify the trial court in setting aside the verdict, provided it be apparently excessive."

In Gulf, C. & S. F. Railway Co. v. Compton, 75 Tex. 667, 13 S. W. 667, plaintiff was suing the railroad for damages for the death of her son. In discussing the question of the amount of recovery and the evidence necessary to support same, Judge Gaines, at page 674 of 75 Tex., 13 S. W. 667, 670, said: "Neither did the court err in refusing to charge the jury that, by reason of plaintiff's failure to prove her expectancy of life, she could recover damages only for the loss of her son's services during his minority. Evidence of the probable duration of life by experts in the business of life insurance is admissible in such cases, but is not necessary. Our statute contemplates that the jury shall judge of this upon proofs being made of the party's age and physical condition."

This holding was followed in Gainesville, H. & W. Railway Co. v. Lacy, 86 Tex. 244, 24 S. W. 269, and Galveston, H. & S. A. R. Co. v. Paschall, 41 Tex. Civ. App. 357, 92 S. W. 446, 448.

Guitar v. Wheeler (Tex. Civ. App.) 36 S.W. (2d) 325, 329, was a case where damages were sought for the death of a husband and father. Judgment was for the plaintiffs. On appeal, Judge Walthall of the El Paso Court of Civil Appeals, in discussing the instant question, said:

"The petition does not allege the ages of George Wheeler, or of the wife, Myrtie, appellee, and does not allege the ages of the minor children. The evidence shows that Wheeler at the time of his death was 37 years old, his physical condition good, a stout, strong, normal man. We have not found in the record any statement as to the age of the appellee Myrtie Wheeler. One of the children, Bernice, married after the death of her father and before the trial of the case. The evidence shows that Wheeler was a farmer, and at times worked off the farm, and that

his average earnings for the last four or five years of his life would 'be about three or four thousand dollars a year, each year, farming and working out.'

"Mrs. Wheeler testified: 'He was supporting me and my children.' We have not found the life expectancy of either Wheeler or his wife, Myrtie, in the record. Nor does the evidence show the amount of money Wheeler bestowed upon his family for any purpose for any given length of time." •

The case was reversed and remanded. Application for writ of error was dismissed.

In cases of this character, the probable life of the beneficiary is to be regarded in awarding damages as well as that of the deceased, but for his untimely death. Sutherland on Damages, vol. 4 (3d Ed.) 3741. This must be true where the wife sues for damages for the death of her husband, for the amount to which she would be entitled would depend upon the length of time she might reasonably and probably be expected to receive the support of her husband but for his death. From a careful consideration of the evidence, we think it does not show sufficient data upon which the jury could have with reasonable certainty predicated its verdict. From the decisions cited, it is seen that more specific data is required to be shown upon which the jury may base its verdict than is reflected by the evidence here.

The other assignments presented need not be discussed, as the matters complained of may not arise upon another trial.

The judgment is reversed, and the cause remanded for another trial.