**BROWN v. KIRKSEY et al.**

No. 3734.

Court of Civil Appeals of Texas. Beaumont.

Nov. 14, 1940.

Rehearing Denied Dec. 4, 1940.

R. A. McAlister and S. M. Adams, both of Nacogdoches, and Sanders & McLeroy, of Center, for appellant.

Vernis Fulmer, of Nacogdoches, for appellees.

WALKER, Chief Justice.

On the 2nd day of December, 1938, about one mile east of the city of Nacogdoches, on highway No. 7, appellant, D. Brown, struck J. W. Kirksey with his automobile and killed him. This suit was filed by appellees, Bertha Kirksey, for herself and as next friend of her minor brothers, James and Fritz Kirksey, children of the deceased, and the only surviving members of his family, for damages suffered by them by reason of the death of their father. Answering special issues, the jury found in favor of appellees on the acts of negligence and proximate cause plead by them against appellant, and assessed their damages at the sum of $1,000. Appellant has duly prosecuted his appeal from the judgment entered on the jury's verdict.

Appellant's first point is that the judgment is without support, for the failure of appellees to plead and prove their life expectancy. On this issue appellees pleaded: "* * * that Bertha Kirksey is a feme sole or unmarried lady more than 21 years of age; that James Kirksey is a minor boy age 15 and Fritz Kirksey is a minor age 18 * * * That all three plaintiffs are young and would be expected to live to receive the benefits of the expected compensation of this deceased had he lived." Appellant's proposition is conceded that "life expectancy is a question of fact." McCormick & Ray's Texas Law of Evidence, Sec. 109, Note 62; Sec. 115, Note 29. But appellees' petition was not subject to appellant's exceptions on this point. It was sufficient for them to plead that they "would be expected to live" long enough to receive from their father the contributions sued for. In Gulf States Utilities Co. v. Moore, Tex.Civ.App., 47 S.W.2d 488, clearly the appellee's petition and her proof were defective on this very point, but even in that case the issue of "life expectancy" was urged by appellant in support of its proposition that the verdict was excessive; appellant does not have that proposition in this case. In Hemsell

v. Summers, Tex.Civ.App., 138 S.W.2d 865, the proposition of "life expectancy" was before the court (a) on the weight of certain testimony, and (b) on the court's charge. That case simply announced the proposition which we have conceded in appellant's favor, that "life expectancy" is for the jury.

■ The second point is that recovery cannot be predicated "upon advice and counsel of father to son." This contention is overruled. Appellees were entitled to recover, as charged by the court, "* * * the pecuniary value, if any, of the advice and counsel, * * * which the said J. W. Kirksey would have in reasonable expectation rendered and given to said minor plaintiffs, during their minority, had he lived." St. Louis S. W. R. of Texas v. Anderson, Tex.Civ.App., 206 S.W. 696; Lancaster & Wight v. Allen, Tex.Civ.App., 207 S.W. 984; Pecos & N. T. R. R. Co. v. Suitor, Tex.Civ.App., 153 S.W. 185; Beaumont Traction Co. v. Dilworth, Tex.Civ. App., 94 S.W. 352; International & G. N. R. R. Co. v. McVey, 99 Tex. 28, 87 S.W. 328, 329.

At the time of his death, on the undisputed evidence, J. W. Kirksey was 77 years old. On this statement, the admission of the following testimony of Mrs. Susie B. Holbrook was not error:

"Q. Susie B., do you or not have a record—your daddy had a record of his discharge from the army showing his age? A. Yes, sir; I have that.

"Q. What age did you understand from that and from him, that he was at the time of his death? I believe it was a little better than 77 years; is that correct? A. According to his discharge papers it was.

."Q. State whether or not you understood from him all along that was his age —77. A. Yes, sir."

■ Appellees charged in their petition that appellant was "drinking and under the influence of liquor at the moment of the collision." The court did not err in receiving evidence that, at a point near the point of accident, a small boy, shortly after the accident, picked up a beer can. The evidence on this point was as follows:

"Q. Did you pick up anything else, or see it picked up? A. There was some small boy—I wouldn't say who it was— picked up a beer can, that had something like a quarter of a can of beer—quarter full in the can—lying somewhere off to the right of this telephone pole and near this hat, not very far off, and the beer was running out of the can."

 Appellant complains of the refusal of the court to submit 16 specially requested issues. We have examined these charges. Some of them are on undisputed facts, and some of them are covered by the court's main charge. As we understand the record, the court did not err in refusing to submit any of them to the jury.

The judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.