Laura PROCTOR, Appellant,

v.

R. T. HERRIN PETROLEUM TRANSPORT COMPANY et al., Appellees.

No. 3427.

Court of Civil Appeals of Texas.

Eastland.

Feb. 27, 1959.

Rehearings Denied March 20, 1959.

James Pearson, Sweetwater, for appellant.

Mays, Leonard & Moore, Sweetwater, Leachman, Gardere, Akin & Porter, Dallas, for appellees.

COLLINGS, Justice.

Laura Proctor, a widow, brought this suit against R. T. Herrin Petroleum Transport Company and its truck driver, Curtis Cleven Barron, for damages sustained as a result of the death of her son, Orval H. Proctor. Plaintiff alleged that the death of her son and the resulting damages to her were proximately caused by specific acts of negligence on the part of the truck driver, Curtis Cleven Barron, acting in the course of his employment by the defendant transport company. Plaintiff also sought to recover upon the doctrine of discovered peril. The defendants answered with pleas of general denial, sudden emergency, specific acts of contributory negligence on the part of the deceased, Orval H. Proctor, and that a flat tire on the Proctor car was the sole proximate cause of the collision. The trial was before a jury which found that at the time of the accident the defendant's truck driver was operating its truck at a faster rate of speed than an ordinary prudent person would have operated same under the

same or similar circumstances; that such action on the part of the truck driver was a proximate cause of the collision; that when the truck driver first saw the Proctor car on the truck's side of the highway, he failed to do what an ordinary prudent person would have done under the same or similar circumstances to avoid a collision and that such failure was a proximate cause of the collision. The jury also found that at the time of the accident Orval H. Proctor was operating his car at a faster rate of speed than an ordinary prudent person would have operated it under the same or similar circumstances; that such action was a proximate cause of the collision; that the truck driver was faced with an emergency prior to the collision; that the truck driver, after the emergency arose, failed to do what an ordinary prudent person would have done under the same or similar circumstances; that the flat tire on the Proctor car was not the sole proximate cause of the collision, and that the collision was not the result of an unavoidable accident. Judgment was entered on the verdict that Laura Proctor recover nothing from the defendants and she has brought this appeal.

In appellant's points of error it is urged that the court erred in failing to render judgment for her under the doctrine of discovered peril on the verdict and the undisputed evidence and, in the alternative, that the court erred in refusing to submit appellant's requested special issue number one on the elements of appellees' liability under the doctrine of discovered peril; that the court erred in admitting evidence to the effect: (1) that a partly filled bottle of whiskey came into the possession of the investigating officer at the scene of the wreck; (2) that the deceased, Orval H. Proctor, had been convicted of the offense of driving a motor vehicle while intoxicated at times prior to the collision; and (3) that the deceased, Orval H. Proctor, at a point more than a mile prior to the wreck was driving his car at a rate of approximately 80 miles per hour on the wrong side of the road. It is also urged that the court erred in failing to render judgment for appellant notwithstanding the finding of the jury that the deceased was driving his car at an excessive rate of speed under the circumstances and that such action was a proximate cause of the wreck because, appellant contends, the evidence does not support such finding of the jury.

Appellee Barron, the driver of the truck involved, was the only surviving witness of the wreck. His testimony and the evidence concerning the physical facts show that the car and truck were approaching each other from opposite directions on the highway south of Sweetwater. The truck was going north and the car going south, each on its right hand side of the road. When the two vehicles were about six hundred feet apart, the left front tire on the car blew out. The car traveled a distance of approximately 375 feet on the flat tire leaving its mark on the highway to the point of the collision. The car was on its right side of the road for a distance of 72 feet after the blow out, then crossed the center stripe and for a distance of approximately 273 feet was on its left side of the road. The last 30 feet before the collision the car was back on its own right hand side of the road. The truck driver Barron testified that when he first saw the Proctor car it was on its own right side of the road and all of a sudden he saw it dip and turn left and saw a hub cap fly off; that he could tell from the way the car swayed that a tire had blown out. He testified that when he first saw the car before the tire blew out it was on its own side of the road coming around a curve and everything appeared to be normal; that when he saw the blowout, he applied the truck's brakes with his foot and then pulled the hand brake as quickly as possible. He testified that he didn't know whether the driver of the car was going to get back on his own side of the road or not, so he just tried to stop. When Barron applied his brakes, the truck tractor and trailer skidded its wheels 222 feet on its right hand side of

the road and then jack-knifed to the left side of the road and the airline was broken. The left front wheel of the truck was five feet and one inch on its left hand side of the center stripe at the point of impact between the car and the truck.

■ We overrule appellant's points in which it is urged that there was no evidence to sustain the submission of special issues number 7 and 8 inquiring whether Orval H. Proctor, deceased, immediately prior to the accident, was driving his car at an excessive rate of speed under the circumstances and whether such action was a proximate cause of the collision, and that the court, therefore, erred in failing to grant her motion for judgment notwithstanding the answers to issues numbers 7 and 8. Evidence concerning the physical facts indicates that the Proctor car was being operated at a very fast rate of speed. The evidence shows that after the blowout Proctor was not able to bring his car under control for a distance of more than 340 feet. The great damage done to the car and the fact that both Proctor and the other occupant of his car were killed by the force of the collision is evidence of a high rate of speed, as is the fact that the car travelled 600 feet, while the truck was going only 400 feet just prior to the time of the collision and the evidence showed that the truck was also travelling at an excessive rate of speed under the circumstances. The fact that the truck was skidding for a distance of 222 feet just prior to the collision is persuasive, but is not conclusive on the question of Proctor's excessive speed under the circumstances. There was also evidence to the effect that Proctor's car was seen about one mile before it reached the scene of the accident and at that time was being operated at a speed of approximately 80 miles per hour; that in going around a curve at this high speed the Proctor car pulled to the wrong side of the road, requiring the driver of another car to drive to the shoulder of the road so the Proctor car could pass. This evidence in in our opinion is not only some evidence, but is sufficient evidence to support the finding that Proctor was driving his car at an excessive rate of speed under the circumstances.

■ We also overrule appellant's point complaining of the action of the court in admitting the testimony to the effect that Proctor, at a point approximately one mile north of the scene of the wreck, was driving his car at a speed of 80 miles per hour on the wrong side of the road. This evidence shows that Proctor was travelling at an 80 miles speed only one mile in distance from the scene of the wreck and less than one minute in time before the wreck. It was admissible as bearing upon the rate of speed at which Proctor's car was travelling at the time of the collision. It was not so remote as to be without probative value.

■ In appellant's point number one it is contended that the court erred in failing to render judgment for her on the verdict of the jury and on the undisputed evidence under the doctrine of discovered peril. In point number two appellant urges in the alternative that the court erred in refusing to submit her requested special issue number one covering the elements of discovered peril. Appellant's requested special issue number one inquired (a) whether or not Orval H. Proctor was in a perilous position, (b) whether appellee's truck driver, Barron, discovered that Proctor was in a perilous position, (c) whether Barron, after he discovered Proctor's perilous position, realized that Proctor would probably not free himself therefrom in time to avoid injury, (d) whether Barron by the exercise of ordinary care in the use of all means at his command, consistent with safety to himself and his truck, could have avoided the collision, (e) whether the failure, if any, of Barron to exercise all such means was negligence, and (f) whether such negligence was a proximate cause of the collision. In our opinion each of the elements of discovered peril is either established conclusively or by the evidence raising a fact issue for the jury.

The evidence shows conclusively that immediately prior to the collision Orval H. Proctor was in a perilous position and that the defendant's truck driver discovered Proctor's perilous position. There was evidence of probative force, although not conclusive, that after Barron discovered Proctor's perilous position, he realized that Proctor would probably not be able to free himself in time to avoid injury. Barron testified that he knew Proctor was in trouble and that there was going to be an accident unless somebody did something about it. He also testified that he didn't know whether the Proctor car was going to get back on its own side of the road or not. This evidence tends to show that Barron realized Proctor would probably not free himself from the peril in time to avoid the collision. The evidence further shows, however, that Proctor did get back on his own side of the road and would have avoided the injury if the truck had not jack-knifed and had remained on its own side of the road. Under this evidence we cannot say that it was conclusively established that Barron realized that Proctor probably would not free himself from the peril.

We cannot agree with appellees' contention that the facts "completely negative any discovered peril", and that there was no evidence that appellee's truck driver realized that Proctor would probably not be able to extricate himself from the peril until it was too late to do anything about it except to bear down on his brakes. There was evidence, although not conclusive, that Barron could, with safety, have turned his truck to the right and pulled off the pavement on the shoulder and thereby avoided the collision. The evidence in our opinion presented jury issues as to whether or not appellee's truck driver realized that Proctor would probably not be able to free himself from his position of peril and whether or not the truck driver could, with safety to himself and his truck, have avoided the collision. Southwestern Bell Telephone Co. v. Ferris, Tex.Civ.App., 89 S.W.2d 229. The court did not err in failing to render judgment for appellant on the verdict of the jury and the undisputed evidence under the doctrine of discovered peril. There was, however, evidence either raising a fact issue or showing conclusively the existence of each of the elements of discovered peril, and the court erred in refusing to submit appellant's requested special issue number one.

■■ Appellant's third point complains of the action of the court in admitting, over her objection, testimony to the effect that a bottle partially filled with whiskey came into the possession of the investigating officer at the scene of the wreck. The case of Brown v. Kirksey, Tex.Civ.App., 145 S.W.2d 217, upon which appellees rely is distinguishable from the instant case. In the instant case there was no evidence that the deceased, Orval H. Proctor, was intoxicated or had been drinking on the day of the collision. There was no evidence identifying the bottle, which was found somewhere near the scene of the accident, as belonging to Proctor. The evidence does not show where the bottle was found with relation to the vehicles involved and there was no showing that liquid was still spilling from the bottle as was shown in the case of Brown v. Kirksey, supra. There was no evidence connecting, or tending to connect the partially filled bottle of whiskey with the deceased, Orval H. Proctor, or with the accident itself, except that it came from that general locality. The bottle could very well have been on the side of the road for a considerable length of time prior to the accident and could have belonged to any other user of the highway. Appellant's objection that the bottle was not shown to be connected with the scene of the accident was well taken and the court erred in overruling it. 61 C.J.S., Motor Vehicles § 516, p. 252. The objection was not waived by appellant's cross examination concerning the improperly admitted evidence. Chandler v. Welborn, 156 Tex. 312, 294 S.W.2d 801.

Appellant also urges that the court erred in admitting testimony to the effect that the deceased, Orval H. Proctor, had been convicted of the criminal offense of driving a motor vehicle while intoxicated at times prior to the wreck here involved. In determining the question of negligence of the driver of an automobile, it is ordinarily not permissible to show that he was in the habit of drinking intoxicating liquor or had been guilty of specific acts of drunkenness at some time prior to and remote from the time of the accident. Tripp v. Watson, Tex.Civ.App., 235 S.W.2d 677 (R.N.R.E.). Appellee urges that no reversible error is shown because other evidence showing the same facts was admitted without objection. We do not pass upon this point because upon another trial of the case the exact question need not again arise.

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded.